**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARTAVIAN SANDERS, #R51403,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-01332-SMY** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Martavian Sanders, an inmate in the custody of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center, filed this action against Wexford Health Sources, Inc. pursuant to the Privacy Act, 5 U.S.C. § 552a. (Doc. 1). Plaintiff claims he completed authorizations for release of his medical and mental health records but never received them. *Id*. He seeks monetary damages and injunctive relief. *Id*. The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-25): While housed at Menard Correctional Center, Plaintiff requested a complete copy of his medical and mental health records on several occasions. *Id*. at 4. In June 2024, he completed and signed two authorizations for release of his records and submitted both forms to Menard's Medical Records Department. Plaintiff received no records. *Id*.

Plaintiff filed a grievance to complain on October 23, 2024. *Id*. at 5. Plaintiff was given

1

two new forms which he completed, signed, and returned.  Copies of his records were never delivered.  Months later, Plaintiff discovered the staff gave him the wrong forms to complete.  *Id*.

Plaintiff's family contacted Angela Kenner to ask about the status of his records request in February 2025.  *Id*. at 6.  In response, Kenner sent Plaintiff two new release forms and a third IDOC form in the prison mail.  He completed and submitted all three forms, but they were returned to Plaintiff two days later without any explanation.  Plaintiff's original grievance was denied March 7, 2025, but the grievance officer noted that Plaintiff should receive copies of his records soon.  He never received them.  *Id*.

Wexford had no policy in place to notify inmates whether they were in possession of records and when those records would be made available.  Wexford's failure to fulfill Plaintiff's records request was intentional.  *Id*.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

Count 1:    Wexford violated 5 U.S.C. § 552a(d)(1) of the Privacy Act by failing to fulfill Plaintiff's request for a complete copy of his medical and mental health records.

Count 2:    Wexford violated 5 U.S.C. §§ 552a(f)(1), (2), and (3) of the Privacy Act by failing to establish a policy or procedure for notifying inmates whether the medical corporation was in possession of medical or mental health records and, if so, when a request for records would be fulfilled.

Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff brings both claims under the Privacy Act, 5 U.S.C. § 552a, which requires federal agencies to take certain precautions to protect the confidentiality of personal information. *See Big Ridge, Inc. v. Federal Mine Safety and Health Review Com'n*, 715 F.3d 631, 650 (7th Cir. 2013); 5 U.S.C. § 552a(c). An individual who is covered by a record, or a legally authorized representative, must request information under the Privacy Act. *See* 5 U.S.C. § 552a(b) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains. . . ."). Civil remedies may be available for "intentional or willful" violations of the Act. *See* 5 U.S.C. § 552a(g)(4).

Plaintiff's claims herein cannot proceed under the Privacy Act, 5 U.S.C. § 552a. Plaintiff is not complaining about the unlawful disclosure of confidential information. Rather, he takes issue with the non-disclosure of records he requested. Moreover, the Privacy Act applies to *federal* agencies, not to private corporations such as Wexford. *See* 5 U.S.C. § 551(1). Thus, Plaintiff cannot proceed with his claims against Wexford; Counts 1 and 2 will be dismissed for failure to state a claim upon which relief may be granted under the Privacy Act, 5 U.S.C. § 552a.

Allowing an amendment to the complaint in this case would be futile. As such, the dismissal of this action will be with prejudice and counts as one of three "strikes" the plaintiff is allotted under 28 U.S.C. § 1915(g).

## Disposition

The Complaint (Doc. 1) is **DISMISSED** with prejudice against Defendant **WEXFORD HEALTH SOURCES, INC.** for failure to state a claim upon which relief may be granted under 5 U.S.C. § 552a. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted

"strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **TERMINATED** as **MOOT**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action.  The $350.00 filing fee remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   October 23, 2025**          *s/ Staci M. Yandle*
                                        **STACI M. YANDLE**
                                        **United States District Judge**